**Lynn MARTIN, Secretary
of Labor, Plaintiff,**

v.

**Burton GOLDSTEIN, et al., Defendants.**

**No. 91–CIV–4031 (LJF).**

United States District Court,
S.D. New York.

Oct. 8, 1991.

Sherwin Kaplan and Tess Ferrera, Washington, D.C., for plaintiff.

A. Michael Weber and Carter K. Combe, New York City, Patrick F. Broderick, Bayside, N.Y., for defendants.

## OPINION AND ORDER

FREEH, District Judge.

In June 1991, the Department of Labor ("DOL") instituted this action against the Consolidated Welfare Fund (the "Fund") sponsored by the Consolidated Local Union # 867 (the "Union"), past and current Fund trustees, the Union, and certain insurance agencies, which the DOL alleges are wholly owned by Fund trustees. The DOL alleges that the defendants violated the Employee Retirement Income Security Act ("ERISA") and the Taft–Hartley Labor–Management Relations Act by, among other things, self-insuring the Fund and setting premium rates without obtaining a financial audit or actuarial analysis of the Fund's ability to pay claims.

In June 1991, the DOL and a number of defendants (the "Consenting Defendants") signed a Partial Consent Agreement for the appointment of an Independent Fiduciary, Mr. Anthony Bergamo.[1] The Fiduciary's limited purpose was to assess the Fund's financial status and to determine whether and under what conditions, if any, the Fund could continue. With the assistance of Price Waterhouse, the Fiduciary conducted that review and issued a final report and recommendation on July 31, 1991. The Fiduciary has recommended that, subject to a number of conditions, the Fund be allowed to continue under the terms of a Business Plan developed by the Fund's Trustees. The DOL has objected to the Fiduciary's finding and requested that the Fund be terminated immediately.[2]

---

1. The Partial Consent Order also froze claim payments against the Fund. Apparently as a result of that freeze, numerous members have abandoned the Fund, reducing the total number of Fund participants to its current level of approximately one thousand.

2. Numerous claims have been filed against the Fund in other courts across the country. The Consenting Defendants have moved the Panel on Multidistrict Litigation to consolidate those cases with this action, and the Panel heard argument on that motion on September 27, 1991. According to counsel, a ruling on the consolida-

Because the Court finds that current members of the Fund will suffer substantial harm should the Fund be terminated, and for the reasons stated by the Court at the conclusion of oral argument, it is

ORDERED that the recommendation of the Fiduciary is adopted and that the Business Plan may be implemented, subject to the following conditions:

(1) Mr. Bergamo, or another party to be appointed by the Court, shall act as Manager of the Fund and Fiduciary, with full power and authority to manage all aspects of the day-to-day operations of the Fund. The Fiduciary's duties shall include, but not be limited to, selecting and retaining all service providers for the Fund, and hiring, dismissing and determining the rates of compensation of employees of the Fund. The Court anticipates that the Fiduciary will continue in effect the current freeze on payment of past claims against the Fund. Should the Fiduciary determine that payment of any existing claims is appropriate, however, the Fiduciary shall have the discretion to direct such payment. In addition, the Fiduciary has full power and authority to determine which new claims and liabilities of the Fund, if any, shall be paid and the priority and amounts of such payments.

(2) The Fiduciary shall draft disclosure letters to both existing and prospective participants in the Fund and submit those letters for the Court's review no later than October 18, 1991. Upon approval of the Court, the Fiduciary shall send the letters, along with a copy of his final report and recommendation, to all current and prospective Fund members. Once the Court has approved the disclosure letters, the Business Plan may be implemented for sixty days, during which time the Fiduciary is to make every effort to solicit the new members required under the terms of the Business Plan.

(3) The Fiduciary is to recommend to the Court, no later than October 25, 1991, individuals to serve as Trustees for the Fund.

(4) In consultation with the experts retained by the various parties, the Fiduciary is to determine a reasonable contribution rate for all new participants in the Fund. That suggested contribution rate is also to be submitted for the Court's approval no later than October 25, 1991.

The parties are ordered to submit briefs, no later than November 1, 1991, on the question of this Court's power to stay all pending claims against the Fund, should the Panel on Multidistrict Litigation grant the Consenting Defendants' Motion and order that all such cases be consolidated in this Court.

SO ORDERED.

tion motion may not be issued for four to six weeks.